STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-214
JLH- PEN- 11/26/2003

Daniel Birt,
    Plaintiff

v.

Town of East Millinocket,
    Defendant

Order



DONALD L.
LAW

DEC 4 2003

FILED & ENTERED
SUPERIOR COURT

NOV 26 2003

PENOBSCOT COUNTY

Pending before the court is the plaintiff's motion for summary judgment and the defendant's motion for sanctions.

The plaintiff's motion does not approach compliance with the relevant provisions of M.R.Civ.P. 7 and 56 and therefore must be denied.

With respect to the defendant's motion, after the court issued its order occasioned by the plaintiff's failure to comply with the ADR requirements set out in rule 16B, he filed an explanation that settlement efforts would be moot. In his complaint, the plaintiff requested a court order that would require the defendant to hold a special town meeting to address the issue, raised in a written petition, of repairs of cemetery roads. *See* 30-A M.R.S.A. § 2522. In his filing dated October 22, 2003, the plaintiff advised that in fact the Town had held a town meeting and that the issue raised in the petition was addressed. For this reason, the plaintiff takes the position that "an ADR conference would be moot."

From this, the court further concludes that there is no relief that the court can grant to the plaintiff under his complaint because, as he himself notes, his claim is moot.[1]

---

[1] In his motion for summary judgment, the plaintiff states that now seeks an accounting of the Town's financial records. This is not an issue raised in the complaint; the plaintiff has never sought an amendment of the complaint to seek that relief; and the time for amendments to the pleadings has expired. Even aside from these procedural

1

The docket entry shall be:

For the foregoing reasons, the plaintiff's motion for summary judgment is denied, and the complaint is dismissed as moot.

Dated: November 25, 2003

_____
Justice, Maine Superior Court
JEFFREY L. HJELM

---

impediments to this relief, if in fact the plaintiff contends that there are unresolved and justiciable claims pending against the Town (such as a claim for an accounting), then ADR would still be required. The plaintiff's failure to implement the ADR process as required by rule 16 and the October 15, 2003, order then would warrant dismissal of the complaint.

DANIEL BIRT - PLAINTIFF
P O BOX 261
EAST MILLINOCKET ME 04430

vs
EAST MILLINOCKET TOWN OF - DEFENDANT
53 MAIN STREET
EAST MILLINOCKET ME 04430
Attorney for: EAST MILLINOCKET TOWN OF
DEAN BEAUPAIN
LAW OFFICES OF DEAN BEAUPAIN
FOUR HILL STREET
MILLINOCKET ME 04462

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00214


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 11/25/2002

## Docket Events:

11/25/2002 FILING DOCUMENT - COMPLAINT FILED ON 11/25/2002

11/25/2002 Party(s):  EAST MILLINOCKET TOWN OF
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 11/25/2002

11/25/2002 Party(s):  EAST MILLINOCKET TOWN OF
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/19/2002
        OFFICER'S RETURN OF SERVICE AS TO DEFENDANT DEFENDANT TOWN OF EAST MILLINOCKET.  (BY:
        CLINT LINSCOTT, CHAIRMAN, BOARD OF SELECTMEN) (NOTE:  THE RETURN OF SERVICE INDICATES THAT
        PLAINTIFF EFFECTUATED SERVICE HIMSELF, NOT THE SHERIFF'S OFFICE OR OTHER PERSON AUTHORIZED
        TO EFFECTUATE SERVICE)

11/25/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 11/25/2002
        TO PLAINTIFF PRO SE.

12/10/2002 Party(s):  EAST MILLINOCKET TOWN OF
        MOTION - MOTION TO DISMISS FILED ON 12/09/2002
        DEFENDANT'S MOTION TO DISMISS, AFFIRMATIVE DEFENSES, AND ANSWER TO COMPLAINT.

12/10/2002 Party(s):  EAST MILLINOCKET TOWN OF
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 12/09/2002
        DEFENDANT'S MOTION TO DISMISS, AFFIRMATIVE DEFENSES, AND ANSWER TO COMPLAINT.

12/10/2002 Party(s):  EAST MILLINOCKET TOWN OF
        ATTORNEY - RETAINED ENTERED ON 12/09/2002
        Defendant's Attorney: DEAN BEAUPAIN

12/18/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/18/2002
        JEFFREY L HJELM , JUSTICE
        PURSUANT TO ADMINISTRATIVE ORDER, SINGLE JUSTICE ASSIGNMENT OF CIVIL CASES, DOCKET NO.
        SJC-323, THE ABOVE REFERENCED CASE IS SPECIALLY ASSIGNED TO JUSTICE JEFFREY L. HJELM.
        /S/MARGARET GARDNER, CLERK.  COPY FORWARDED TO ALL ATTORNEYS AND PRO SE PARTIES OF RECORD.

12/26/2002 Party(s):  DANIEL BIRT
        OTHER FILING - OPPOSING MEMORANDUM FILED ON 12/24/2002
        ANSWER TO MOTION TO DISMISS FILED BY PRO SE PLAINTIFF DANIEL BIRT.